Susan Rotkis
AZ Bar # 032866
PRICE LAW GROUP, APC
2290 East Speedway Blvd.
Tucson, Arizona 85719
T: (818) 600-5506
E: susan@pricelawgroup.com

*Attorney for Plaintiff Doe*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>  Plaintiff,<br><br>v.<br><br>Accurate Background, LLC,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, John Doe ("Mr. Doe" or "Plaintiff"), alleges that Defendant Accurate Background, LLC ("Accurate" or "Defendant") violated his federal Fair Credit Reporting Act ("FCRA") rights and injured him when it sold an employment-purposed consumer report that indicated he was convicted of a felony, but failed to indicate that it was ultimately reduced to a misdemeanor. Among other things, Accurate violated Mr. Doe's FCRA rights by failing to use reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, failing to provide him with a copy of his employment-purposed consumer report at the time it sold the report to Plaintiff's employer, failing to use strict procedures to assure that Plaintiff's employment-purposed

consumer report was complete and up to date, and failing to conduct a reasonable reinvestigation of the Plaintiff's dispute of the accuracy of the report.

As a result of Accurate's conduct, Plaintiff was deprived of employment, meaningful work and income; strapped with a false criminal history; humiliated by a false criminal record being communicated to his employer; and deprived of an investigation and correction of the disputed information Accurate had in its files and published about him. Accurate's conduct invaded his privacy and defamed him, directly injuring Plaintiff by causing him loss of employment and income, lost time, emotional distress and mental anguish; depriving him of information he was entitled to under the FCRA; and causing him physical injury and sickness.

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for violations of the Federal Fair Credit Reporting Act CRA, 15 U.S.C. §§ 1681 *et seq*.

2. Plaintiff applied for a job with Freeway Insurance.

3. Upon information and belief, Freeway Insurance is a franchise or partner of Confie Holding II, Co., the largest personal line insurance distributor in the United States (hereafter referred to as "Confie/Freeway").

4. Within two years prior to the filing of this Complaint, Defendant sold an employment-purposed consumer report to Confie/Freeway without first complying with its duties under the FCRA, including:

   a. its obligation to use reasonable procedures to assure the maximum possible accuracy of the information it compiled and sold in a consumer report about

   Plaintiff;

 b. failing to maintain strict procedures to ensure that the criminal public record information about Plaintiff was complete and up to date;

 c. failing to provide the Plaintiff with a copy of the employment-purposed consumer report containing the type of criminal public record information likely to have an adverse employment impact at the time it supplied the report to his employer.

5. The creation and sale of an employment-purposed consumer report is strictly governed by the FCRA.

6. Pursuant to the FCRA, no one is permitted to sell an employment-purposed consumer report unless it has first complied with the strict requirements of the FCRA to ensure that it has a permissible purpose to do so, such reports are maximally accurate, and that the report is complete and up to date.

7. Employment-purposed consumer reports are also sometimes called "background checks" or "background reports."

8. Accurate's customer, Confie/Freeway, relied on an inaccurate and derogatory consumer report about Plaintiff, and based their decision to terminate his employment in whole or in part on public criminal record information that appeared in Plaintiff's employment-purposed consumer report supplied by Accurate.

9. Accurate collects and maintains consumer information obtained from public records and related employment histories as a nationwide consumer reporting agency ("CRA").

10. Upon information and belief, Accurate maintains an FCRA database to prepare and furnish consumer reports for employment and other purposes.

11. Accurate markets itself as an insurance industry background screening provider.

12. Accurate claims that, "The faster your candidates can be background checked and onboarded, the faster they can begin producing for your company. Our proven background check solutions decrease turnaround time to make sure your producers are properly licensed."

13. Despite its self-serving name, Accurate markets the speed with which it can turn around a background check for insurance clients rather than the thoroughness or accuracy of its reports.

14. The FCRA is designed to permit jobseekers and employees whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision.

15. Because Accurate did not transmit Plaintiff's report to him at the time it supplied the report to Confie/Freeway, Plaintiff was deprived of the information to which he was entitled in a timely fashion.

16. Defendant is informed of the necessary rigors FCRA compliance imposes and publishes FCRA compliance information on its website.

17. Defendant's website claims that, "The laws and regulations surrounding, collecting, and using consumer information are complex and frequently in flux; background screening organizations stay abreast of the latest federal, state, and local requirements to help guide their clients with compliance."

18. The FCRA was first enacted in 1970 to promote accuracy, fairness, and privacy of personal information compiled and sold by consumer reporting agencies such as Accurate.

19. Congress enacted the FCRA due to rampant abuse in the consumer reporting industry.

20. The most recent comprehensive amendments to the FCRA occurred in 1996 and 2003.

21. The violations of the FCRA alleged in this Complaint are akin to common law causes of action such as invasion of privacy, intrusion upon seclusion, publication of private facts, and defamation.

22. The injuries suffered by Plaintiff are exactly the type of injuries that the FCRA sought to address in the enactment of the FCRA.

### PARTIES

23. Plaintiff John Doe is a "consumer" as defined by 15 U.S.C. § 1681a.

24. Mr. Doe lives in Mesa, Arizona, which is within the territorial confines of the District of Arizona United States District Court.

25. Defendant Accurate Background, LLC., is a foreign, private corporation and a nationwide consumer reporting agency as defined by the FCRA. It is organized under the laws of California and has a principal place of business located at 7515 Irvine Center, Irvine, California. Defendant does business in Arizona by contracting with and providing consumer reports to Arizona employers.

26. Defendant is a consumer reporting agency that sold an employment-purposed

consumer report about Plaintiff to an employer, all as defined by the FCRA.

27. Defendant claims to be "accredited" by the Professional Background Screening Association (PBSA).

## JURISDICTION AND VENUE

28. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

29. Venue is proper in the District of Arizona because Defendant's significant conduct occurred in Arizona where it collected, compiled, and sold FCRA-governed information about Plaintiff to his employer, who resides in Arizona. Defendant is subject to personal jurisdiction in this District.  28 U.S.C. § 1391(c). Further, Plaintiff is a resident of this District.

30. Accurate furnished an employment-purposed consumer report concerning Plaintiff to his employer, Confie/Freeway.

31. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer report information by consumer reporting agencies, including public criminal record information used in employment purposed consumer reports.

32. Additionally, the FCRA mandates conditions, procedures, and limitations on the use of consumer reports for employment purposes by prospective employers and other individuals.

33. The FCRA mandates that a consumer reporting agency use reasonable procedures to assure the maximal accuracy of the information it compiles and sells about consumer job applicants and workers like Mr. Doe.

34. The FCRA requires Accurate to maintain strict procedures to ensure that criminal public records information, such as in this case, is complete and up to date.

35. Upon information and belief, Accurate did not maintain such strict procedures, and failed to send a copy of the consumer report containing the derogatory criminal record information to the Plaintiff *at the time* it provided the information to the employer as required under the FCRA.

36. Upon information and belief, Accurate and Confie are parties to an agreement whereby Accurate furnishes customized, employment-purposed consumer reports to Confie about prospective and current employees. Confie, in turn, provides the reports to its franchisee or partner, Freeway.

37. Upon information and belief, the agreement between Accurate and Confie requires Accurate to abide by the FCRA.

38. Accurate has an independent obligation to comply with the FCRA.

39. The Accurate report about Plaintiff contained a false criminal conviction record.

40. The Accurate report was neither complete nor up to date.

41. When Plaintiff became aware of the false criminal history reported by Accurate, he disputed the inaccuracy and supplied Accurate with a copy of the Court Order demonstrating the inaccuracy and how to correct it.

42. As a result of Accurate's inaccurate report, Plaintiff was terminated from employment, and left jobless after a month of working at Confie/Freeway, just as he was preparing to take the insurance exam.

43. Accurate failed to conduct a reasonable investigation of Plaintiff's dispute or to

correct the criminal record it reported about him, especially given the fact that Plaintiff supplied it with a copy of the Court Order demonstrating the charge was reduced to a misdemeanor.

44. Defendant's violations of the FCRA have been willful, wanton, and reckless in that it knew, or should have known, that it was failing to comply with the requirements of the FCRA.

45. Defendant's willful disregard of its duties violates the FCRA as a matter of law, and it exacts serious consequences on job applicants and interstate commerce.

46. The natural result of Defendant's failures to abide by the conditions, procedures, and limitations of the FCRA deprived Mr. Doe of his consumer rights and prejudiced his ability to challenge inaccurate information contained in consumer reports that Defendant sold to Confie/Freeway.

### THE PLAINTIFF'S EXPERIENCE

47. Plaintiff applied for a job as a sales agent at Freeway Insurance, a franchise or partner of Confie Holding II, Co., the largest personal line insurance distributor in the United States ("Confie/Freeway") in or about February of 2021.

48. After approximately one month of working and training at Confie/Freeway, he was terminated as a result of the employment purposed consumer report supplied by Accurate containing an inaccurate felony conviction in Pinal County.

49. Plaintiff's excitement about starting a new job in a new field, earning an income, rebuilding his life and self-esteem, was dashed.

50. Plaintiff knew that his criminal public record contained two misdemeanors.

51. Plaintiff obtained a copy of the Pinal County Court Records to ensure that his record correctly reflected misdemeanors rather than felonies.

52. Accurate had access to the same public records from Pinal County to which Plaintiff and every other member of the public has access.

53. Despite this access to the actual records, Accurate failed to maintain strict procedures to assure that Plaintiff's criminal public record history was complete and up to date before reporting the criminal public records to Confie/Freeway.

54. Having previously been the victim of an inaccurate employment-purposed consumer report, Plaintiff obtained the Pinal County records and found that the misdemeanor order was in the court records.

55. Having check the actual court records, Plaintiff had no way of anticipating that Accurate would publish an inaccurate report reflecting a felony conviction instead of a misdemeanor as the Court records reflect.

56. Upon information and belief, Accurate provides access to its customers, including Confie/Freeway, to a web-based portal to request and access employment purposed consumer reports.

57. Upon information and belief, when Accurate's customer requests a report, the customer can view the progress of the report and the records checked before the report is finalized.

58. When Plaintiff was told that he could be terminated based on information in an employment-purposed consumer report.

59. He later learned that Accurate was reporting that he was convicted of a felony.

60. He explained to his employer Confie/Freeway, and then again to Accurate's representative, that the information was wrong and that the conviction was a misdemeanor.

61. Plaintiff provided Accurate with the information necessary to correct the inaccurate report, but it was too late.

62. Confie/Freeway had already decided to terminate Plaintiff.

63. Upon information and belief, Confie/Freeway employs people that it knows have criminal records, including misdemeanor and felony convictions.

64. Upon information and belief, Accurate did not make any changes to Plaintiff's employment purposed report after being informed of the error in its reporting about Plaintiff.

65. Upon information and belief, whether prior to compiling and selling a report or in response to a dispute, Accurate does not obtain, view, or verify the *actual* criminal public *record* information about consumers for whom it compiles and sells employment purposed consumer reports.

66. Upon information and belief, Accurate did not review the actual court records about Plaintiff.

67. Even if Accurate or its agent went to the court, it merely obtained a summary, webscrape, or simple docket information. Upon information and belief Accurate did not look at the actual records before it reported criminal public record information about Plaintiff.

68. Upon information and belief, in Pinal County, the only way to view the actual

records is either to go to the clerk's office and view the actual physical court file or request and pay for an electronic copy of the court file.

69. Upon information and belief, neither Accurate nor its agent ever viewed the file, but only viewed the docket, where the change in disposition may not be readily apparent.

70. Upon information and belief, Accurate's policies and procedures do not provide for consultation of the actual court records.

71. This is a failure to maintain strict procedures to ensure that a criminal public record it reported is complete and up to date.

72. A docket may be useful for establishing the procedural history and the dates on which certain pleadings, orders, and other filings were made, but its shorthand entries are not the equivalent of the otherwise publicly available *record*.

73. The United States Courts define these two terms:

   (a.) Docket: A log containing the complete history of each case in the form of brief chronological entries summarizing the court proceedings. https://www.uscourts.gov/glossary#letter_d.

   (b.) Record: A written account of the proceedings in a case, including all pleadings, evidence, and exhibits submitted in the course of the case. https://www.uscourts.gov/glossary#letter_d.

74. It is axiomatic that a court speaks only through its orders, and only such orders accurately reflect what transpired in a case. *McMillion v. Dryvit Sys. Inc.,* 262 Va. 463, 468(2001); *accord In re Grimsley*, 449 B.R. 602, 614 (Bankr. S.D. Ohio 2011) (it is hornbook law that the court speaks only through its judgments and orders, courts can

also rely on all the information in the record such as jury instructions, special interrogatories, and verdicts to understand an order).

75. CRAs such as Accurate have long been on notice that they may not rely on the docket when it receives notice that there is an inaccuracy in a consumer report from the consumer. *Henson v. CSC Credit Servs.,* 29 F.3d 280, 286–87 (7th Cir.1994)

76. Defendant is well aware of the requirements of the FCRA and that its collection and reporting of consumer public record information violates the FCRA.

77. Accurate has been sued numerous times for reporting inaccurate, incomplete, outdated, and false information.

78. Upon information and belief, Accurate chooses the policies and procedures designed not to assure maximum possible accuracy of consumer information or that the criminal public records are complete and up to date. Rather, it chooses policies and procedures designed to maximize its profits.

79. As an "accredited" background screening CRA, Accurate has been informed about the rigor necessary to ensure the maximum possible accuracy of information it reports about jobseekers.

80. This situation exemplifies the reason that Congress enacted the provisions of the FCRA that require a CRA to use reasonable procedures to assure the maximal accuracy of information it sells about consumer job applicants and workers, because the injuries to Plaintiff were drastic and resulted in the immediate loss of employment, among other injuries.

81. Naturally, Plaintiff was also distraught, emotionally distressed, experienced

physical illness, and mental anguish when he learned that Accurate was inaccurately reporting his criminal history.

82. Based on information contained in the report, Confie/Freeway requested the report on or about February 26, 2021.

83. Upon information and belief, Confie/Freeway was able to view the progress of the report before a final report was generated.

84. Based on the report's "Most recent complete date March 23, 2021," Accurate supplied a final inaccurate report containing the felony conviction to Confie/Freeway on or about March 23, 2021.

85. Accurate has never supplied a copy of the report to the Plaintiff.

86. Instead, Confie/Freeway provided a copy of the report to Plaintiff, together with a pre-adverse action notice on or about April 4, 2021, more than a week and a half after Accurate provided the "most recent complete date" report to Confie/Freeway.

87. Because Accurate does not maintain strict procedures, its failure to provide a copy of employment-purposed consumer report to Plaintiff at the time it provided it to Confie/Freeway violated the FCRA.

88. The background report about Plaintiff was an FCRA-governed, run-of-the-mill, employment-purposed consumer report and not an investigative report.

89. Upon information and belief, Accurate did not conduct the type of searching inquiry of the Plaintiff's criminal public records that would satisfy the requirements to be considered an investigative report under the FCRA.

90. As a result of Defendant's conduct, Mr. Doe suffered economic injuries such as

job loss and lost time.

91.     As a result of Defendant's conduct, Mr. Doe suffered non-economic injuries including but not limited to damage to his reputation, stress about his economic security, anxiety about whether he would be able to get another job, fearfulness that Defendant would hurt him further in obtaining employment by failing to correct the inaccurate information and continuing to report the wrong criminal history, humiliation that he was terminated, despair over the fact his employer was provided inaccurate criminal history before he was given the chance to correct or explain the inaccurate report.

92.     As a result of Defendant's conduct, Mr. Doe suffered physical injuries and sickness, including but not limited to loss of sleep, nausea, headache, lethargy, and harmful thoughts.

93.     Defendant's violations of the FCRA were willful because it acted in reckless disregard of Mr. Doe's rights. Upon information and belief, Defendant was statutorily and contractually bound to comply with the FCRA. Yet, it recklessly and willfully ignored its FCRA obligations, and refused to comply even when Plaintiff requested information he was entitled to receive.

94.     Defendant's violations of the FCRA are not mere procedural violations, but substantial violations of the consumer's substantive consumer rights, which resulted in real-world and existential harm to Plaintiff by failing to safeguard the accuracy of Plaintiff's information it profited from selling, withholding congressionally mandated information from him, and failing to investigate the information to correct the inaccuracies.

# COUNT ONE
### Failure to Use Reasonable Procedures to Assure Maximum Possible Accuracy
### 15 U.S.C. § 1681e(b)

95. Based upon the facts Plaintiff has alleged herein, and which he incorporates into each count, Plaintiff is entitled to judgment that the Defendant violated the FCRA by failing to follow reasonable procedures to assure that the information it compiled sold in his consumer report was maximally accurate.

96. Congress mandated that consumers have a right to maximal accuracy in their consumer reports.

97. To assure maximum accuracy, Accurate is required to have reasonable procedures designed to do so.

98. Accurate followed its policies and procedures in compiling, creating, and selling the consumer report, including failing to provide the copy of the consumer report upon which it made adverse decisions regarding Plaintiff.

99. Accurate does not meaningfully check the actual criminal public records, thus its procedures were not designed to assure that the public criminal records information about Plaintiff was accurate.

100. Even after Plaintiff informed Accurate that the felony information was inaccurate and disputed the accuracy of the report directly to Accurate, it failed to use reasonable procedures such as obtaining the actual court records or calling Plaintiff or the Court to assure the accuracy of the report before sending it to Plaintiff's employer.

101. Plaintiff's injuries described elsewhere herein are proximately caused by the Defendant's violations of the FCRA.

102. Plaintiff demands statutory, actual, and punitive damages, declaratory and injunctive relief, as well as attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n & 1681o.

### COUNT TWO
### Failure to Conduct a Reasonable Reinvestigation of the Plaintiff's Dispute
### 15 U.S.C. § 1681i

103. Based upon the facts Plaintiff has alleged herein, and which he incorporates into each count, Plaintiff is entitled to judgment that Defendant violated the FCRA by failing to conduct a meaningful reinvestigation of Plaintiff's dispute in order to correct the inaccurate criminal record.

104. Plaintiff is entitled to a consumer report that accurately reflects a misdemeanor rather than a felony as a matter of fact.

105. Plaintiff is also entitled to a report in which the public records summary is not so misleading as to be inaccurate by including categories that make it appear as though he has been convicted of a felony rather than a misdemeanor.

106. Unlike consumer reports where furnishers of credit information supply the information to the CRAs, when Accurate assembled the employment-purposed report about Plaintiff, it affirmatively collected information from its database, third-party vendors, and/or the jurisdictions it was asked to search to obtain the criminal public record information to include in Plaintiff's report.

107. The requirement that a CRA conduct a reasonable reinvestigation of the disputed information is no different from conducting an investigation – which must be a meaningful, searching inquiry.

108. Upon information and belief, Accurate ignored the documentation provided by Plaintiff and failed to properly consult the actual court records that show that at the time of his application to Confie/Freeway, he had only two misdemeanor convictions.

109. Plaintiff disputed the inaccurate information to Accurate.

110. As a direct result of Defendant's failure to conduct a reasonable reinvestigation, the inaccurate information remains on Plaintiff's file, causing him injuries enumerated in this Complaint.

111. Plaintiff seeks statutory, actual and punitive damages; declaratory and equitable relief; attorneys' fees and costs pursuant to 15 U.S.C. § 1681n & 1681o.

**COUNT THREE**
**Failure To Provide "At The Time" Notice**
**15 U.S.C. § 1681k(a)(1)**

112. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

113. Plaintiff's consumer report was furnished for an employment purpose and contained one or more public records of the type that may adversely affect an employer's hiring decision.

114. As to Plaintiff, Accurate uniformly fails to comply with the rigors of FCRA § 1681k(a)(2) and therefore must necessarily rely on its compliance with § 1681k(a)(1).

115. On information and belief, Plaintiff alleges that Accurate obtains public records, including criminal records from a third-party vendor, and does not attempt to obtain this information through its own courthouse searches.

116. Even if Accurate sent its own employee or agent to the Pinal County Courthouse,

the search done was merely superficial rather than a review of the actual court records.

117.   Accurate did not send Plaintiff a notice or copy of the report it supplied to Confie/Freeway pursuant to 15 U.S.C. § 1681k(a)(1).

118.   On information and belief, Plaintiff alleges that Accurate did not itself or by its own court researchers or vendors attempt to verify the completeness or current status of the public records pursuant to 15 U.S.C. § 1681k(a)(2) within thirty (30) days before it furnished and sold these records in one of its reports.

119.   Accurate's failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. § 1681k(a)(1).

130.   Accurate is aware of numerous rulings that put it on notice that because it does not maintain strict procedures to ensure the public records are complete and up to date, it must send a § 1681k notice and report *at the time* the report is supplied to the employer.

131.   The conduct, action, and inaction of Accurate was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

132.   Plaintiff is entitled to recover actual, statutory, and punitive damages, costs and attorneys' fees as well as appropriate equitable relief from Accurate in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n & 1681o.

**WHEREFORE**, Plaintiff seeks following relief:

A.   That judgment be entered for Plaintiff individually for actual and/or statutory damages and punitive damages for each count of the Complaint

pursuant to 15 U.S.C. §§ 1681n and 1681o;

B. Declaratory and/or injunctive relief as the court may allow;

C. Attorneys' fees, expenses and costs; and

D. Pre-judgment and post-judgment interest as provided by law.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted this 21st day of September 2021.

/s/ *Susan Rotkis*
Susan Rotkis
AZ Bar # 032866
PRICE LAW GROUP, APC
2290 East Speedway Blvd
Tucson, Arizona 85719
T: (818) 600-5506
E: susan@pricelawgroup.com

*Attorney for Plaintiff Doe*