Susan Rotkis
AZ Bar # 032866
PRICE LAW GROUP, APC
2290 East Speedway Blvd.
Tucson, Arizona 85719
T: (818) 600-5506
E: susan@pricelawgroup.com

*Attorney for Plaintiff Doe*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Accurate Background, LLC,<br><br>　　　　Defendant. | Case No.: **2:21-cv-01629-MTM**<br><br>**PLAINTIFF'S RENEWED CONSENT MOTION TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT** |

　　　Plaintiff, John Doe, respectfully submits his renewed Consent Motion to Proceed by Pseudonym and for entry of a Protective Order in his action against Defendant Accurate Background, LLC ("Accurate" or "Defendant") for his protection and for the reasons explained herein.

## I.　　**INTRODUCTION**

　　　This case is brought pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).  In order to protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

This court has previously granted Plaintiff's motion to proceed in pseudonym in two other cases, *Doe v. PreCheck, Inc.,* 2:21cv1129-DLR, and *Doe v. Tempe St. Luke's Hospital*, 2:21cv1122-DLR.

Accurate violated 15 U.S.C. §§ 1681e(b), 1681(i), and 1681k(a)(1) by failing to use reasonable procedures to ensure it only reported maximally accurate information about Plaintiff; failing to reasonably investigate Plaintiff's dispute; failing to maintain strict procedures to ensure that public records information that is likely to have an adverse impact on a consumer's employment is "complete and up to date"; and failing to timely provide the required FCRA notices to Plaintiff. Accurate sold to Plaintiff's employer, Freeway Insurance, a franchise or partner of Confie Holding II, Co., the largest personal line insurance distributor in the United States (hereafter referred to as "Confie/Freeway"),

a consumer report that inaccurately detailed Plaintiff's criminal history. The inaccurate information Accurate provided to Confie/Freeway ultimately cost Plaintiff his new job just as he was preparing to take an insurance exam. If further publicized, the inaccurate information will likely continue to prevent Plaintiff from obtaining gainful employment.

## II.     RELEVANT FACTUAL BACKGROUND

On April 15, 2016, Plaintiff was indicted on four counts of Trafficking In Stolen Property in the first degree; four counts of Forgery of a Credit Card, with intent to defraud; and one count of Burglary in the second degree. However, on November 28, 2016, Plaintiff entered into a plea agreement that dismissed seven of the counts and reduced the remaining two. Plaintiff was ultimately convicted of one count of Fraudulent Use of a Credit Card, a Class 1 Misdemeanor and one count of Theft, an undesignated Class 6 Felony. However, Plaintiff's plea agreement provided that the theft charge would be reduced to a misdemeanor upon completion of his sentence. Plaintiff completed his sentence in 2017. Upon release, the sentencing Court reduced Plaintiff's felony conviction to a misdemeanor on or about November 8, 2017 in accordance with the plea agreement. Thereafter, Plaintiff's criminal record consisted only of two misdemeanors.

Plaintiff applied for a position at Freeway Insurance ("Confie/Freeway") in or around February 2021. Plaintiff began working for Confie/Freeway in or around March 2021. As part of the onboarding process, Plaintiff authorized Confie/Freeway to pull an employment-purposed consumer report. Confie/Freeway requested the report from Defendant Accurate Background, LLC. Accurate supplied a final inaccurate report containing the felony conviction to Confie/Freeway on or about March 23, 2021.

Accurate has never supplied a copy of the aforementioned report to Plaintiff and a copy of the report or a summary of his rights at the time Accurate supplied the report to Confie/Freeway

Instead, Confie/Freeway provided a copy of the report to Plaintiff, together with a pre-adverse action notice on or about April 4, 2021, more than a week and a half after Accurate provided the "most recent complete date" report to Confie/Freeway. It was when Confie/Freeway provided this report that Plaintiff learned that the employment-purposed consumer report sold by Accurate to his employer included a false, incomplete and outdated public record that indicated Plaintiff was convicted of a felony without any indication that it was reduced to a misdemeanor.

Mr. Doe was terminated from his employment at Confie/Freeway in or around April 2021.

## III.   LEGAL STANDARD

"[T]he Ninth Circuit has held that pleading through the use of fictitious name is only permitted in the most unusual of cases. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). These are situations where 'nondisclosure of a party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment.' *Advanced Textile*, 214 F.3d at 1067-68. The Ninth Circuit has described three types of cases that are appropriate for fictitious pleading; (1) where identification creates the risk of physical retaliation, *id.* at 1068; (2) **where anonymity is needed to protect highly personal information**, such as medical reports or a person's sexual orientation, *id.* (citing *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437

(S.D.N.Y. 1988)); (3) and where anonymity protects a party from criminal prosecution. *Id*. (citing *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981))." *Ross v. Corich*, No. CV 08-0371-PHX-MHM, at *2 (D. Ariz. Sep. 5, 2008) (emphasis added).

The Ninth Circuit applies "a balancing test … when determining whether a plaintiff, … should be allowed to proceed under a fictitious name. This balancing test[] asks the Court to weigh the 'party's need for anonymity' against 'prejudice to the opposing party and the public's interest in knowing that party's identity.'" *Ross,* No. CV 08-0371-PHX-MHM, at *2 (quoting *Advanced Textile*, 214 F.3d at 1068).

## IV.   **LEGAL ARGUMENT**

Plaintiff is filing this suit against Defendant Accurate for violating the FCRA. Accurate violated the FCRA by publishing inaccurate public records information that was likely to have an adverse effect on Plaintiff's employment, failing to employ procedures to prevent the publication of false information and to ensure that only complete and up to date information was furnished to his employer, failing to provide him with a copy of his employment-purposed consumer report at the time it sold the report to Plaintiff's employer, and failing to conduct a reasonable reinvestigation of Plaintiff's dispute of the accuracy of the report. Accurate's failure to comply with its obligations under the FCRA caused Plaintiff to lose his job with Confie/Freeway. That inaccurate information ultimately cost Plaintiff his new job, and it could cost him more employment opportunities if it is further publicized.

Plaintiff accepted the State's plea deal in 2017 specifically because it would allow him to avoid the stigma associated with being a "felon." The Court approved Plaintiff's

plea agreement because he had **never** been convicted of a crime before, and **none** of his charges were violent. If it were not for Defendant's violations of the FCRA, Plaintiff would have no reason to publicly explain that this misdemeanor was, at one time, a felony.

Although "[t]he decision to allow pseudonyms is 'discretionary,'" Plaintiff understands that this Court's authority "is cabined by the Ninth Circuit's express guidance." *Jane Roes 1-2 v. SFBSC Management, LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015) (quoting *Advanced Textile Corp.*, 214 F.3d at 1067–68). Plaintiff recognizes that this case is not one that the Ninth Circuit has explicitly determined necessitates anonymity. However, Plaintiff asks this Court to exercise its discretion and allow him to proceed as "John Doe." The State reduced Plaintiff's felony charge to a misdemeanor nearly four years ago. Plaintiff has worked incredibly hard to get back on track and contribute positively to society. There is no reason that Plaintiff should be forced to publicly identify himself as someone who was once charged with a felony.

### A. Anonymity Is Necessary To Protect Highly Sensitive Information That May Result In Unwarranted, Negative Stigma.

Although it is possible to work in the insurance industry with misdemeanor convications, it is nearly impossible for Plaintiff to obtain gainful employment if he is classified as a "felon." In attempting to vindicate his FCRA rights, he may be subjected to additional harm, ridicule and deprivation of employment.

Plaintiff agreed to a jail sentence specifically to obtain a reduction of a felony to a misdemeanor, in hopes that he would still be able to gain meaningful employment upon his release. Unfortunately, Accurate provided an employment-purposed consumer report

that included inaccurate information about Plaintiff's criminal history. Even after Plaintiff informed Accurate that the information it was reporting about his charge was inaccurate, Plaintiff was terminated.

Those facts alone suggest that it would be detrimental to Plaintiff to proceed in this action under his legal name. This lawsuit should correct the inaccurate information in Accurate's records, and a potential employer should not receive the inaccurate information in the future. Plaintiff is desperate to put the past behind him. However, if Plaintiff is required to proceed under his legal name, it is very likely that a potential employer could associate this lawsuit with Plaintiff. Plaintiff will need to disclose information generally unavailable to the public to fully pursue his claims against Defendant. Confie/Freeway, an employer that had already hired Plaintiff and invested in his training, was unwilling to look past the stigma associated with being a "felon." There is a possibility that a future employer will respond as Confie/Freeway did and decide that even the **possibility** that Plaintiff was charged with a felony makes him unemployable. Plaintiff should not be forced to shoulder the stigma of a felony conviction if the State already decided to reduce the charge to a misdemeanor.

**B. Allowing Plaintiff to Proceed Under A Pseudonym Will Not Prejudice Defendant.**

Plaintiff is known to Defendant, so Plaintiff's decision to formally proceed by pseudonym is unlikely to have any impact on litigation. Additionally, Plaintiff's Complaint and this Motion contain factual details that should allow Defendant to ascertain Plaintiff's identity upon a review of Defendant's own records. However,

Plaintiff's Counsel is willing to meet and confer with Defendant's Counsel to provide Plaintiff's identifying information, if necessary, so long as Defendant agrees to keep his identity confidential.

### C. The Public Is Not Interested In Plaintiff's Identity.

Plaintiff concedes that the public has a general interest in knowing the not only of parties to litigation, but also to identity of a convicted individual. However, the public's interest in Plaintiff's identity was already served during Plaintiff's criminal case. If the public is truly interested in Plaintiff's criminal history, it is a matter of public record and can be retrieved form Pinal County. However, the public's interest in the identity of the Plaintiff is outweighed by the harm it may to do him by erasing the value of reduction of a felony to a misdemeanor and revealing details of the felony conviction that he has a right to be free from its stigma.

Regardless, the public's interest in this litigation is not related to Plaintiff's identity or criminal history, specifically. Instead, the public's interest lies in the protection of consumers' rights under the FCRA. The public has an interest in ensuring that Defendant Accurate complies with its obligations under the FCRA, and only publishes maximally accurate public records information about consumers. Those interests can be served even if Plaintiff is permitted to proceed by pseudonym.

### V.    CONCLUSION

Plaintiff should be permitted to proceed by pseudonym and for entry of a Protective Order because the FCRA was enacted **specifically** to protect consumers from being harmed by inaccurate information in credit reports. Moreover, the balancing test

employment by courts in the Ninth Circuit favors anonymity in this case. *See Ross,* No. CV 08-0371-PHX-MHM, at *2.

## **MEET AND CONFER CERTIFICATION**

Pursuant to Fed. R. Civ. P. 26(c)(1), Plaintiff hereby certifies that he has in good faith conferred with counsel for Defendant Accurate Background, LLC in an effort to resolve the dispute without court action.

Counsel for Defendant consents to the relief sought in Plaintiff's Motion.

Respectfully submitted

*/s/ Susan Rotkis*
Susan Rotkis
AZ Bar # 032866
PRICE LAW GROUP, APC
2290 East Speedway Blvd
Tucson, Arizona 85719
T: (818) 600-5506
E: susan@pricelawgroup.com

*Attorneys for Plaintiff Doe*